ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary matter stems from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael F. Barry, an attorney licensed to practice law in Louisiana.
FACTS AND PROCEDURAL HISTORY
On February 3, 1998, Milton Matthews, on behalf of his friend, Melvin Frank, retained respondent for $1,500 to complete a post-conviction matter for Mr. Frank, who was incarcerated. While respondent reviewed some of the court pleadings and *480 transcripts, he failed to take any action on behalf of Mr. Frank. Respondent never spoke to Mr. Frank on any occasion, nor did he communicate with Mr. Matthews after their initial contact.
On May 14, 1998, Mr. Matthews filed a complaint with the ODC. The ODC forwarded this complaint to respondent and requested further information. When respondent failed to reply, the ODC issued a subpoena compelling his appearance at a scheduled deposition. Respondent appeared in response to the subpoena and gave a sworn statement to the ODC, in which he promised to complete the matter for his client or return the fee. On September 1, 1998, respondent forwarded a letter to Mr. |?Frank apologizing for the neglect of his case and stating that he would proceed with the post-conviction proceeding. Relying on respondent’s assertion, the ODC closed its file.
Several months later, on May 17, 1999, Mr. Matthews again wrote to the ODC. He complained respondent would not communicate with him or Mr. Frank, and failed to complete the legal matter or refund the fee as he promised. Respondent failed to reply to the ODC’s numerous requests for information. Pursuant to a subpoena, respondent appeared for a scheduled deposition, at which time he admitted to the misconduct. Respondent stated he had decided to give the full legal fee back, but was waiting for one of his cases to generate the funds. However, the case did not get resolved and he later became sick for several months. At the conclusion of the deposition, the ODC directed respondent to file a report within fourteen days summarizing Mr. Frank’s case and discussing his plans for repayment of the retainer fee. Respondent failed to do so.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent alleging violations of the following Rules of Professional Conduct: Rules 1.3 (neglect of a legal matter), 1.4 (failure to communicate), 1.5 (failure to return unearned fee), 1.16(d) (failure to protect client interests at termination of representation), 8.1 (false statement of material fact in disciplinary proceeding), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC). Respondent failed to file an answer. As a result, the matter was submitted to the hearing Iscommittee on written argument and documentary evidence. Respondent failed to submit any evidence. The ODC submitted a copy of the complaint, respondent’s sworn statements and copies of letters forwarded to respondent evidencing his failure to cooperate.

Recommendation of the Hearing Committee

The hearing committee found respondent violated the professional rules as charged. The committee determined respondent’s actions harmed his client by potentially lengthening the term of his incarceration and depriving him of at least $1,500 in legal fees.[1] Moreover, it concluded respondent’s failure to cooperate in the disciplinary process impeded its orderly functioning and put unnecessary strain on its limited resources.
In addressing the issue of sanctions, the committee relied on Standard 4.42 of the *481 ABA’s Standards for Imposing Lawyer Sanctions.[2] It noted in aggravation respondent’s prior disciplinary record consisting of an admonition for similar misconduct,[3] failure to cooperate, vulnerability of the victim, substantial legal experience (admitted in 1968) and indifference to making restitution. In light of respondent’s failure to participate in the disciplinary proceeding, the committee declined to recognize any mitigating factors.
Based on these findings, the committee recommended that respondent be suspended for a period of three months, fully deferred, subject to an unspecified | ¿period of probation with conditions of restitution, attendance at the Louisiana State Bar Association Ethics School and appointment of practice/probation monitor.

Disciplinary Board Recommendation

The disciplinary board adopted the hearing committee’s findings of fact and agreed respondent violated the professional rules as charged. It concluded respondent knowingly, if not intentionally, failed to communicate with his client, failed to use reasonable diligence in pursuing the criminal appeal, failed to return unearned fees and did not timely terminate the representation. Relying on the aggravating factors cited by the committee, the board recommended that respondent be suspended for a period of six months, fully deferred, subject to a one year period of probation. As probationary conditions, the board proposed a probation/practice monitor be appointed, and that respondent be required to provide a full accounting and restitution, as well as attend Ethics School.
The ODC filed an objection in this court to the disciplinary board’s recommendation that the suspension be fully deferred. Therefore, the matter was docketed for oral argument pursuant to Supreme Rule XIX, § 11(G)(1)(b).
DISCUSSION
The record supports the hearing committee’s finding that the ODC proved the allegations of the formal charges by clear and convincing evidence. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the | ¡¡public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the hearing committee and disciplinary board found, respondent’s actions caused potential harm to his client by delaying resolution of his post-conviction matter. Additionally, his actions deprived *482 his client of at least $1,500 in legal fees for an extended period of time.[4]
Respondent’s underlying misconduct is compounded by his intentional misrepresentations to the ODC in these proceedings. In response to the initial complaint, respondent represented to the ODC that he would complete the matter or return the fee. Relying on respondent’s assertion, the ODC closed its file in the matter. However, respondent, contrary to his representations, continued to neglect the matter and did not provide restitution, requiring the ODC to reopen the matter.
Numerous aggravating factors are present, including respondent’s prior admonition for similar misconduct, his failure to cooperate in these proceedings, the vulnerability of his incarcerated victim and respondent’s substantial legal experience. We are unable to identify any mitigating factors from the record.
Under these circumstances, we conclude that a six-month suspension from the practice of law, followed by a one-year period of supervised probation and completion of the Ethics School program is an appropriate sanction for respondent’s misconduct.
IfiDECREE
Upon review of the findings and recommendation of the hearing committee and the disciplinary board, and considering the record, brief of the ODC, and oral argument, it is ordered that Michael F. Barry be suspended from the practice of law for a period of six months. Following the completion of his suspension, respondent shall be subject to a one-year period of probation under the supervision of a practice monitor to be appointed by the Office of Disciplinary Counsel, and shall be required to complete the Ethics School program offered by the Louisiana State Bar Association. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano participated in this decision as Associate Justice Pro Tem-pore.

. In addition to the $1,500 retainer fee, Mr. Matlhews had provided respondent $69.75 for the purpose of obtaining copies of court documents.

. Standard 4.42 provides "[sjuspension is generally appropriate when: (a) a lawyer fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”

. As stated, respondent was admonished in 1998 for failing to communicate to a criminal client that his request for post-conviction relief was without merit. In re: Barry, 98-ADB-033 (6/15/98).

. The record reflects that after the hearing committee rendered its decision, respondent rendered an accounting and made restitution to his client.