*1266 ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This attorney disciplinary matter stems from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Woodrow W. Wyatt, an attorney licensed to practice law in Louisiana, but currently ineligible To practice.[1]
UNDERLYING FACTS

The Coleman Matter

Caretha Coleman filed a complaint against respondent with the ODC. In December 1999, the ODC forwarded a copy of the complaint to respondent by certified mail at his primary registration address. After three notifications, the correspondence was returned marked “undeliverable as addressed.” The ODC thereafter served respondent with an investigatory subpoena compelling him to appear on February 16, 2000 and answer the complaint under oath. Respondent failed to appear.

The Springfield Matter

In early 1998, Sylvia Springfield retained respondent to handle a workers’ compensation claim. Respondent initially performed some work in the matter, but | ^thereafter Ms. Springfield was unable to communicate with him. She terminated respondent’s representation and demanded the return of her file, but respondent failed to comply with this request. Ms. Springfield then retained new counsel in the workers’ compensation matter, who requested respondent transfer the file to him. Respondent also failed to comply with this request.
A copy of Ms. Springfield’s July 1999 complaint to the ODC was forwarded to respondent by certified mail at his primary registration address. After three notifications, the correspondence was returned marked “unclaimed.” Thereafter, respondent could not be located for service of an investigatory subpoena.
On October 10, 2000, after formal charges were filed against respondent, Ms. Springfield advised the ODC that respondent had returned her file in the workers’ compensation matter.

The Bergeron Matter

In January 1993, Ruby Bergeron retained respondent to handle a personal injury claim arising out of an automobile accident. Respondent timely filed a petition for damages, along with interrogatories and a request for production of documents, in October 1993. Thereafter, respondent did little or no work in the matter, with the exception of filing a motion to compel the defendant’s response to discovery, and he failed to communicate with his client. Ms. Ber-geron terminated respondent’s representation by letter dated August 7, 1998. Nevertheless, respondent continued to advocate his rights as “an interested party.” He opposed a motion by defendant to dismiss the suit as abandoned and appeared at an August 18, 1998 hearing on the motion on behalf of Ms. *1267 Bergeron. Respondent also attempted to interfere with the handling of the matter by Ms. Bergeron’s new attorney.
13A copy of Ms. Bergeron’s complaint to the ODC was forwarded to respondent by certified mail at his primary registration address in August 1999. Respondent failed to timely answer the complaint, and he could not be located for service of an investigatory subpoena. Respondent finally answered the complaint in writing in February 2000.

The Bass Matter

Doris Bass filed a complaint against respondent with the ODC. In August 1999, the ODC forwarded a copy of the complaint to respondent by certified mail at his primary registration address. Respondent failed to timely answer the complaint, and he could not be located for service of an investigatory subpoena. Respondent finally answered the complaint in writing in February 2000.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed four counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence in representing a client), 1.4 (failure to communicate with a client), 1.7(b) (conflict of interest), 1.16 (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing | committee solely on documentary evidence. See Supreme Court Rule XIX, § 11(E)(3). The ODC’s submission consisted of (1) the complaints filed by Ms. Coleman, Ms. Springfield, Ms. Bergeron, and Ms. Bass; (2) respondent’s written answers to the Bergeron and Bass complaints; (3) an August 12, 1999 sworn statement given by respondent addressing the Springfield, Bergeron, and Bass complaints; (4) respondent’s correspondence in the Bergeron matter; (5) requests for the files in the Springfield and Bergeron matters; (6) copies of the ODC’s letters transmitting the complaints to respondent by certified mail; (7) copies of the various subpoenas issued to respondent (some served, some not); and (8) information relating to respondent’s absence from his office due to health problems. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

The hearing committee found the ODC proved by clear and convincing evidence that respondent violated the professional rules as charged. In particular, the committee noted that respondent failed to cooperate in the investigations of each of the four matters at issue, failed to communicate with his clients, failed to release Ms. Springfield’s file to her new attorney when requested to do so, and interfered with the relationship between Ms. Bergeron and her new attorney. The committee determined respondent’s conduct was knowing and intentional and violated duties owed to his clients, the public, the legal system, and the legal profession. The committee found that this conduct may have led to actual or potential injury to respondent’s clients.
In mitigation, the committee noted respondent was suffering from severe health *1268 problems during the period of time at issue, which it felt may have contributed to some degree to respondent’s “apparent lack of enthusiasm for his clients’ welfare.” |fiIn aggravation, the committee recognized respondent’s prior disciplinary record[2] and his substantial experience in the practice of law (admitted 1975). In light of these considerations, the committee recommended that respondent be suspended from the practice of law for eighteen months.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found that respondent neglected legal matters, failed to communicate with his clients, failed to protect his clients’ interests, failed to expedite litigation, failed to properly withdraw from representing his clients, failed to return his clients’ files upon request, and failed to cooperate with the ODC in its investigation. The board found respondent knowingly and, at times, intentionally violated duties owed to his clients, the legal system, and the profession. The board concluded respondent’s clients were injured by the delays in resolving their legal matters and in having to obtain new counsel, and that the legal system was injured by the use of limited resources in a fruitless effort to afford respondent the opportunity to participate in the disciplinary proceedings. Respondent breached his duties to the legal system by failing to abide by the agreement he made during his sworn statement to communicate with the complainants, resolve their questions, and complete the representations. Considering all of these factors, and the ABA’s Standards for Imposing Lawyer Sanctions, the | aboard concluded the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
In mitigation, the board noted that respondent underwent open-heart surgery during the time that most of these complaints arose. With respect to aggravating factors, the board recognized respondent’s prior disciplinary record for similar misconduct, pattern of misconduct, multiple offenses, failure to cooperate, and substantial experience in the practice of law. Taking these circumstances into account, the board suggested that respondent be suspended from the practice of law for eighteen months. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board that respondent neglected client matters, failed to communicate with his clients, failed to properly withdraw from the representation of his clients, and failed to return his clients’ files upon request. Likewise, the record demonstrates conclusively that respondent faded to cooperate with the ODC in its investigation of each of the four matters at issue. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
*1269 In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends |7upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In cases involving neglect of legal matters combined with failure to cooperate, this court has generally imposed suspensions of one year and one day. See, e.g., In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620, and cases cited therein. However, we note that in Turnage, the misconduct resulting in the suspension of one year and one day involved only two clients, rather than four, as here. In light of the numerous aggravating factors present in this case, in particular respondent’s prior disciplinary record involving precisely the type of misconduct at issue in this case, we see no justification for imposing a one year and one day suspension. Instead, we will adopt the recommendation of the disciplinary board that respondent be suspended from the practice of law for a period of eighteen months.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be adopted. Respondent, Woodrow W. Wyatt, is hereby suspended from the practice of law for a period of eighteen months. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since September 1, 2000 for failing to pay his bar dues and the disciplinary assessment.

. Respondent was admonished by the disciplinary board in 1999 for misconduct involving lack of diligence, failure to communicate with a client, and failure to properly withdraw from a representation. He was also admonished in 1998, 1995, and 1993 for failure to cooperate in a disciplinary investigation.