*64 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
J^This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert L. Barrios, an attorney licensed to practice law in Louisiana.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1977. Since that time, he has been disciplined on six occasions, as follows:
1) October 1984 — formal private reprimand for neglecting a legal matter;
2) November 1984 — -formal private reprimand for neglecting a legal matter and failing to communicate with a client;
3) June 1989 — formal private reprimand for failing to cooperate in a disciplinary investigation;
4) March 1993 — admonition for neglecting a legal matter, failing to communicate with a client, failing to promptly refund an unearned fee, and failing to cooperate with the ODC in its investigation;
5) June 1993 — admonition for failing to cooperate with the ODC in its investigation; and
1⅞6) September 1993 — admonition for failing to cooperate with the ODC in its investigation.
*65 UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed three sets of formal charges against respondent. The first set, bearing the disciplinary board’s docket number 00-DB-104, was filed on August 16, 2000 and consists of three counts of misconduct. The second set, bearing the disciplinary board’s docket number 02-DB-090, was filed on August 27, 2002 and consists of one count of misconduct. The third set, bearing the disciplinary board’s docket number 04-DB-015, was filed on March 1, 2004 and consists of one count of misconduct.
The three sets of formal charges were considered by separate hearing committees, then consolidated by order of the disciplinary board on January 18, 2005. On July 25, 2005, the disciplinary board filed in this court a single recommendation of discipline encompassing all three sets of formal charges.

00-DB-m

Count I — The Davis Matter
In August 1998, Wanda Davis retained respondent to file suit against a contractor who had failed to complete renovations to her parents’ home. Ms. Davis paid respondent a flat fee of $1,500 for the representation, plus $170 for costs. Because the property had never been legally transferred to Ms. Davis’ parents, respondent recommended a succession be opened to accomplish this. Ms. Davis agreed and paid respondent a flat fee of $750 for the succession.
Respondent filed suit against the contractor corporation in August 1998 but later found that the corporation was no longer in existence. Respondent planned to Lamend the suit to add the contractor individually and get a judgment against him. However, respondent failed to follow through with this plan. He also failed to do any work on the succession. .Furthermore, respondent failed to keep Ms. Davis informed of the status of the legal matters.
In September 1999, Ms. Davis filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena by the ODC to obtain his sworn statement. During his sworn statement on February 21, 2000, respondent agreed to provide a written response to the complaint and an accounting of the fees paid by Ms. Davis within fifteen days. Despite follow-up requests from the ODC, respondent failed to provide the information.
In November 2000, respondent reimbursed Ms. Davis $1,500, representing the entire fee for the succession and half of the fee for the suit against the contractor.
In its formal charges, the ODC alleged that respondent’s conduct in the Davis matter violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (failure to account for and refund an unearned fee), 3.2 (failure to make reasonable efforts to expedite litigation), and 8.4(g) (failure to cooperate with the ODC in its investigation). Additionally, the ODC alleged that respondent violated Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand for information from a disciplinary authority).
Counts II & III — The Toups/Adams Matter
In 1986, respondent represented Gary Toups in his divorce from Helen Hill Toups (now Adams). The matter involved child custody, alimony, and community | ¿property. Mr. Toups hired respondent *66 again in 1992 to handle a satisfaction of judgment in the same matter.
In 1996, Mr. Toups was served with pleadings in the same matter, which reflected that respondent was now representing Ms. Adams, Mr. Toups’ ex-wife, in her attempt to obtain an increase in child support. Mr. Toups attempted to contact respondent, but his calls were not returned. Mr. Toups then went to respondent’s office and questioned whether respondent’s representation of Ms. Adams was a conflict of interest. Respondent informed Mr. Toups that it was not.
Respondent represented Ms. Adams in the same matter in 1999, again in her attempt to obtain an increase in child support. Ms. Adams paid him a $500 fee plus $125 for costs. When Mr. Toups informed Ms. Adams that respondent should not be representing her because of the conflict of interest, she sought advice on the subject from another attorney. Thereafter, in May 2000, Ms. Adams requested in writing that respondent return her file and the $625 she had paid him. Respondent failed to respond to this request.
In September 1999, Mr. Toups filed a complaint against respondent with the ODC. He alleged that respondent engaged in a conflict of interest by representing his ex-wife. In June 2000, Ms. Adams filed a complaint against respondent with the ODC. She alleged that respondent delayed her case because of the conflict of interest and the complaint filed against him by Mr. Toups. She also alleged that respondent failed to communicate with her or keep her informed of the status of her case.
Respondent failed to respond to the complaint filed by Mr. Toups, necessitating the issuance of a subpoena by the ODC to obtain his sworn statement. During his sworn statement on February 21, 2000, respondent agreed to provide a written response to the complaint. Despite followup requests from the ODC, respondent | ¡Jailed to provide the response. Notice to respondent of Ms. Adams’ complaint was returned marked “unclaimed.”
At the formal hearing of this matter, Ms. Adams testified that two weeks before the hearing, respondent refunded the $500 fee she paid him and forwarded her file to her new attorney.
In its formal charges, the ODC alleged that respondent’s conduct in the Toups/ Adams matter violated the following Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.9(a) (conflict of interest involving a former client), 1.16(d) (obligations upon termination of the representation), and 8.4(g). Additionally, the ODC alleged that respondent violated Supreme Court Rule XIX, § 9(c).
Respondent answered the formal charges and generally denied any misconduct. The matter then proceeded to a formal hearing on the merits, which was conducted by the hearing committee on December 13, 2000. The ODC submitted documentary evidence, including the deposition of Gary Toups, and called Wanda Davis and Helen Adams to testify before the committee. Respondent likewise introduced documentary evidence, and he called his secretary, Michelle Nesom, to testify before the committee. Respondent also testified on his own behalf.
The parties also filed a joint stipulation, stipulating to the following:
1) Despite repeated requests by the Office of Disciplinary Counsel, Respondent failed to respond to Ms. Davis’ complaint such that Respondent had to be subpoenaed to respond to the complaint under oath.
2) During his sworn statement taken on February 21, 2000, Respondent agreed to produce a written response to the Davis complaint as *67 well as an accounting of fees paid by Ms. Davis within fifteen (15) days. Despite follow-up requests by the Office of Disciplinary Counsel, Respondent failed to provide this information.
|63) Respondent represented Gary Toups in a domestic matter against his ex-wife, Helen Hill (now Adams), in 1986. The matter involved child custody, support, alimony and community property. Mr. Toups hired Respondent again in 1992 to handle a Satisfaction of Judgment in the same matter.
4) In 1996, Mr. Toups was served with pleadings in the same matter reflecting that Respondent was now representing Helen Hill (now Adams).
5) Respondent admits that he represented Helen Hill (now Adams) in the same matter in which her interests were materially adverse to the interests of Respondent’s former client, Mr. Toups, in violation of Rule 1.9(a) of the Rules of Professional Conduct.
6) During his sworn statement taken on February 21, 2000, Respondent agreed to provide a written response to Mr. Toups’ complaint. However, despite follow-up requests for the same by the Office of Disciplinary Counsel, Respondent failed to provide same.
7) Helen Adams (Mr. Toups’ ex-wifé) hired respondent on July 11, 1999 and paid him a fee of $500.00 to represent her against Mr. Toups.
8) Ms. Adams sent Respondent a certified letter requesting a refund and her file. Respondent has not responded to Ms. Adams’ letter, failed to timely refund her fee, and failed to send her file.
9)Ms. Adams’ case for a child support increase was delayed due to the complaint filed by Mr. Toups as a result of Respondent’s conflict of interest.
10)The Office of Disciplinary Counsel sent Respondent a certified letter requesting a response to Ms. Adams’ complaint within fifteen (15) days. Respondent failed to respond at all.

Hearing Committee Recommendation

After considering the joint stipulation, the testimony of the witnesses, and the documentary evidence presented at the hearing, the hearing committee made factual findings as follows:
|7In Count I, the Davis matter, Ms. Davis hired respondent to sue a contractor for failing to complete renovations on her family home, paying respondent a $1,500 flat fee plus $170 for costs. Ms. Davis also hired respondent to complete a succession. Respondent failed to respond to Ms. Davis’ complaint and had to be subpoenaed to respond under oath. During his sworn statement, respondent agreed to provide a written response to the complaint and an accounting of fees paid by Ms. Davis within fifteen days. However, despite followup requests from the ODC, he failed to provide this information.
In Counts II and III, the Toups/Adams matter, respondent represented Mr. Toups in a domestic matter against his ex-wife, Ms. Adams, in 1986. In 1996, Mr. Toups was served with pleadings in the same matter wherein respondent represented Ms. Adams; however, Mr. Toups never consented to respondent’s representation of his ex-wife. Respondent admitted representing Ms. Adams in the same matter in which her interests were materially adverse to the interests of Mr. Toups, his former client, in violation of Rule 1.9(a) of *68 the Rules of Professional Conduct. During his sworn statement, respondent agreed to provide a written response to Mr. Toups’ complaint. However, he failed to do so despite follow-up requests by the ODC. Ms. Adams hired respondent on July 11, 1999 to represent her against Mr. Toups, paying him a $500 fee. Thereafter, she sent him a certified letter requesting a refund and her file. Respondent failed to respond to the letter, failed to timely refund her fee, and failed to return her file. Ms. Adams’ case for an increase in child support was delayed due to the complaint filed by Mr. Toups as a result of respondent’s conflict of interest. Respondent failed to respond to Ms. Adams’ complaint filed with the ODC.
Based on these findings, the committee determined that respondent violated Rules 1.3, 1.4, 1.5, 1.9, 1.16, 3.2, and 8.4 of the Rules of Professional Conduct. He violated duties owed to his clients and as a professional, but the injury to his clients |swas not substantial. With the exception of his failure to respond to the ODC’s requests, his actions were negligent. The committee determined that the ABA’s Standards for Imposing Lawyer Sanctions indicate suspension and reprimand are the baseline sanctions.
The committee found the following aggravating factors to be present: prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1977). In mitigation, the committee found 1) remoteness of prior offenses, 2) respondent cured his failure to cooperate with the ODC by cooperating in connection with the hearing, and 3) his actions were not intentional.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for nine months, with all but thirty days deferred, followed by two years of probation.
The ODC filed an objection to the hearing committee’s recommendation in 00-DB-104, suggesting that respondent’s probation be supervised by a practice monitor and that he be required to attend Ethics School.

02-DB-090

In November 2000, Erica Corte hired respondent to handle her divorce. She paid respondent a $1,500 retainer to be billed against his hourly fee. She also gave respondent a check made payable to the Clerk of Court in the amount of $250 for the filing fee. Because respondent did not have a client trust account, he deposited the $1,500 check into his operating account, despite the fact that the $1,500 was not earned when deposited.
^Thereafter, respondent filed a petition for divorce on Ms. Corte’s behalf. A hearing was set for January 19, 2001; however, prior to the hearing, Ms. Corte reconciled with her spouse. She attempted to contact respondent several times to receive an itemized bill and a refund of any unearned fee. Respondent did not respond to her requests.
Respondent also failed to respond to the complaint Ms. Corte filed with the ODC. As such, the ODC subpoenaed respondent to provide a sworn statement on April 15, 2002. He could provide no explanation for his failure to respond but promised to provide a written response, including a copy of his time sheet and his entire file in the matter, by April 23, 2002. Despite three follow-up requests from the ODC, respondent failed to provide the promised information.
In its formal charges, the ODC alleged that respondent’s conduct in the Corte *69 matter violated the following Rules of Professional Conduct: Rules 1.4, 1.5(f)(3) (failure to place client funds in a trust account and failure to render a periodic accounting for client funds), 1.5(f)(6) (failure to refund an unearned fee), 1.15 (conversion of client funds), and 8.4(g). Additionally, the ODC alleged that respondent violated Supreme Court Rule XIX, § 9(c).
Respondent was served with the formal charges via certified mail delivered on August 29, 2002. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

\inHearing Committee Recommendation

After reviewing the ODC’s submission, the hearing committee found that respondent failed to communicate with Ms. Corte regarding an itemized bill and a refund of fees paid. Respondent also placed Ms. Corte’s retainer fee in his operating account and thereby utilized the funds. Thereafter, respondent failed to respond to the complaint filed with the ODC and repeatedly failed to cooperate with the ODC. The committee found that respondent could offer no reasonable explanation for his failure to cooperate with either his client or the ODC.
Citing this court’s prior jurisprudence, the committee determined that the baseline sanction for respondent’s misconduct is a suspension for one year and one day. The committee found no mitigating factors and determined that a number of aggravating factors are present, including prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law, and indifference to making restitution.
Based on these findings, the committee recommended that respondent be suspended from the practice of law for one year and one day. Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation. However, respondent subsequently filed a motion to vacate the deemed admitted order. On October 6, 2003, the disciplinary board denied respondent’s motion but remanded the matter to the hearing committee for the sole purpose of receiving mitigating evidence.
After hearing the evidence in mitigation, the committee determined that the mitigating factors of depression and remorse are present. In light of these factors, the committee filed a supplemental report recommending that respondent be suspended from the practice of law for one year and one day, with all but six months deferred, followed by two years of supervised probation.
InNeither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 02-DB-090.

OJp-DB-015

In September 2002, Brian Belcastro, the president of a Florida company, Southern Concrete Pavers, Inc., retained respondent to file a lien against Ellendale Country Club for the $39,112.14 owed to the company for the installation of the golf cart path on the country club’s golf course. Mr. Belcastro paid respondent $250 in cash in connection with the representation. Respondent did not open a file on the matter and did not file the lien. Thereafter, hav *70 ing received no communication from respondent, Mr. Belcastro began attempting to contact him.
When his attempts were unsuccessful, Mr. Belcastro filed a complaint against respondent with the ODC in December 2002. Respondent failed to respond to the complaint. As such, the ODC subpoenaed him to give a sworn statement on April 30, 2003. During his sworn statement, respondent promised to provide the ODC with evidence of a refund to Mr. Belcastro within ten days. Respondent failed to provide the evidence and failed to respond to two additional letters sent by the ODC.
On October 6, 2003, respondent’s counsel sent Mr. Belcastro a refund of the $250 fee paid to respondent.
In its formal charges, the ODC alleged that respondent violated the following Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.4(g). Additionally, the ODC alleged that respondent violated Supreme Court Rule XIX, § 9(c).
Respondent was personally served with the formal charges on May 18, 2004. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No Informal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After reviewing the ODC’s submission, the hearing committee found that respondent failed to communicate with Mr. Bel-castro regarding the lien. He also failed to open a file on the matter and failed to file the lien. Furthermore, he failed to account for and refund the unearned fee. Finally, respondent failed to respond to the complaint filed with the ODC and repeatedly failed to cooperate with the ODC. The committee found that respondent could offer no reasonable explanation for his failure to cooperate with either his client or the ODC.
Citing this court’s prior jurisprudence, the committee determined that the baseline sanction for respondent’s misconduct is a suspension for one year and one day. The committee found no mitigating factors and determined that a number of aggravating factors are present, including prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law, and indifference to making restitution.
Based on these findings, the committee recommended that respondent be suspended from the practice of law for one year and one day, followed by twelve months of supervised probation.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 04-DB-015.

1Disciplinary Board Recommendation

00-DB-10k, 02-DB-090, & 0k-DB-015

After reviewing the consolidated matters, the disciplinary board made the following determinations with respect to each set of formal charges:
00-DB-104: The board determined that the hearing committee’s factual findings are not manifestly erroneous. The board also made additional factual findings relating to Count I, the Davis matter. In August 1998, respondent filed suit against the contractor corporation on behalf of Ms. Davis’ parents. Respondent had at least two meetings with Ms. Davis and went to the home to survey the renovation project *71 around the time the suit was filed. Ms. Davis testified that she spoke with respondent “not more than ten times”[1] during the time period of his representation (August 1998 until June 2000); however, she had no communication with him between January 1999 and July 1999, and between September 1999 and March 2000.[2]
On May 19, 1999, respondent filed an answer on behalf of Ms. Davis’ parents in a suit involving a materialman’s lien filed by a lumber company that provided materials to the contractor corporation in connection with the renovation project. In March 2000, respondent sent a letter to Ms. Davis’ parents requesting that they answer outstanding discovery in the lien suit. They failed to respond to the letter. In May 2000, respondent sent another letter to Ms. Davis’ parents concerning a motion for' default judgment filed in the lien suit because they had not answered the j rediscovery. Ms. Davis and her parents responded to this letter and went to court. Either Ms. Davis fired respondent at court or respondent resigned. Regardless of which occurred, Ms. Davis consulted another attorney after the June 2000 court date.
The contractor suit remained dormant because the corporation was a non-viable entity and the individual contractor could not be located. The succession was not filed because respondent did not think it was prudent to transfer the property to Ms. Davis’ parents while the lien suit was pending. The lumber company ultimately placed a lien on the home in which Ms. Davis’ parents resided.
After the ODC filed formal charges against respondent, he refunded the entire $750 fee for the succession and half of the $1,500 fee for the contractor suit.
Based on the factual findings, as supplemented, the ’ board determined respondent violated Rules 1.8, 1.4, 1.5(f)(6), 3.2, and 8.4(g) of the Rules of Professional Conduct as well as Rule XIX, § 9(c) with respect to the Davis matter. With respect to the Toups/Adams matter, the board determined that respondent violated Rules 1.3, 1.4, 1.5(f)(6), 1.9(a), 1.16(d), and 8.4(g) of the Rules of Professional Conduct as well as Rule XIX, § 9(c).
02-DB-090: The board found that the deemed admitted facts are not manifestly erroneous. Accordingly, the board determined that respondent violated Rules 1.4, 1.5(f)(3), 1.5(f)(6), and 8.4(g) of the Rules of Professional Conduct as well as Rule XIX, § 9(c). Respondent failed to return Ms. Corte’s telephone calls. He failed to provide her with an accounting and failed to place disputed funds in his trust account. He also failed to cooperate with the ODC in its investigation. However, the board found that respondent did not violate Rule 1.15 because he produced a time sheet showing he had earned the entire fee paid by Ms. Corte. Thus, the *72 ODC did not prove by clear and convincing evidence that respondent converted the money.
|1b04-DB-015: The board found that the deemed admitted facts are not manifestly erroneous. Accordingly, the board determined that respondent violated Rules 1.3, 1.4, 1.5(f)(6), and 8.4(g) of the Rules of Professional Conduct as well as Rule XIX, § 9(c). Respondent failed to file the lien on behalf of Southern Concrete Pavers, Inc. and failed to communicate with Mr. Belcastro. He also failed to timely refund the $250 unearned fee paid by his client. Finally, respondent failed to cooperate with the ODC in its investigation of this matter.
Based on the above findings, the board determined that respondent violated duties owed to his clients and as a professional. He acted negligently with respect to the conflict of interest in the Toups/Adams matter. He acted knowingly with respect to his lack of diligence, failure to communicate, and failure to account for and timely refund unearned fees. He acted intentionally when he failed to cooperate with the ODC. Respondent’s conduct harmed his clients, jeopardizing their legal matters, delaying the resolution of their cases, and/or depriving them of their money by failing to timely refund unearned fees. The conflict of interest had the potential to cause harm to Mr. Toups and Ms. Adams. He also harmed the profession by failing to cooperate with the ODC. Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction for respondent’s misconduct is suspension.
The aggravating factors found by the board included respondent’s prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. In mitigation, the board recognized respondent’s personal or emotional problems stemming from his depression.
|1fiThe board found that the facts, case law,[3] and ABA Standards support a suspension in the range of twenty-four months to thirty-six months. Accordingly, the board recommended that respondent be suspended from the practice of law for two years and be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation in the consolidated matters.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary *73 board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The rule violations found by the disciplinary board are supported by the record of the consolidated matters. Respondent has engaged in a pattern of misconduct involving the neglect of .his clients’ legal matters, failure to communicate with his clients, and failure to account for and timely refund unearned fees. He furthermore has faded to cooperate with the ODC in its investigation of these matters.
117Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts 'of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his clients, and intentionally failed to cooperate with the ODC. His misconduct harmed his clients and impaired the orderly functioning of the disciplinary system. Our prior jurisprudence indicates that the sanction for similar misconduct falls within the range of an eighteen-month suspension to a three-year suspension.[4] Considering the aggravating and mitigating factors present in this case, we find the sanction recommended by the disciplinary board is appropriate. Accordingly, we will suspend respondent from the practice of law for a period of two years.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that Robert L. 11sBarrios, Louisiana Bar Roll number 2823, be suspended from the practice of law for two years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The board actually found that Ms. Davis testified to speaking with respondent “more than ten times.” However, the board was clearly erroneous with respect to this finding. A review of Ms. Davis' hearing testimony indicates that she actually testified to speaking with him “not more than ten times.” Transcript of December 13, 2000 hearing, p. 37:22-25.

. The board also found that Ms. Davis failed to keep at least three appointments with respondent. Again, the record reveals that the board was clearly erroneous with respect to this finding. Respondent introduced a copy of his calendar showing Ms. Davis had three scheduled appointments, and he testified that he had no recollection of Ms. Davis not showing up for those appointments. Transcript of December 13, 2000 hearing, p. 181:11-19. Furthermore, Ms. Davis testified to showing up for her appointments with respondent. Transcript of December 13, 2000 hearing, p. 36:22-37:2.

. The board cited In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (attorney suspended for two years for violating Rules 1.3, 1.4, and 1.16(d) with respect to three clients; numerous aggravating factors, including prior disciplinary offenses, were present, as well as the mitigating factor of significant personal problems), and In re: Brown, 04-1119 (La.1/14/05), 892 So.2d 1 (attorney suspended for three years for violating Rules 1.3, 1.4, 1.5, 3.2, and 8.4(g) with respect to five clients; numerous aggravating factors, include prior disciplinary offenses, were present, but no mitigating factors were found).

. See In re: Wyatt, 02-0053 (La.4/12/02), 814 So.2d 1265 (eighteen-month suspension for neglecting two legal matters, failing to communicate with clients, and failing to cooperate with the ODC in four separate investigations); In re: Waltzer, 04-1032 (La. 10/8/04), 883 So.2d 973 (two-year suspension for failing to communicate with three clients and failing to cooperate with the ODC in three separate investigations); and In re: Brown, 04-1119 (La. 1/14/05), 892 So.2d 1 (three-year suspension for neglecting five legal matters, failing to communicate with clients, failing to return unearned fees, failing to safeguard client property, and failing to cooperate with the ODC in two investigations).