993 So.2d 1200 (2008)
In re Robert L. BARRIOS.
No. 2008-B-1679.
Supreme Court of Louisiana.
November 10, 2008.

*1201 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Robert L. Barrios, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1977. Since that time, he has been disciplined on numerous occasions, as follows:
1) October 1984formal private reprimand for neglecting a legal matter;
2) November 1984formal private reprimand for neglecting a legal matter and failing to communicate with a client;
3) June 1989formal private reprimand for failing to cooperate in a disciplinary investigation;
4) March 1993admonition for neglecting a legal matter, failing to communicate with a client, failing to promptly refund an unearned fee, and failing to cooperate with the ODC in its investigation;
5) June 1993admonition for failing to cooperate with the ODC in its investigation; and
6) September 1993admonition for failing to cooperate with the ODC in its investigation.
Furthermore, in April 2006, this court suspended respondent from the practice of law for two years for engaging in a pattern of misconduct involving the neglect of legal matters, failure to communicate with clients, failure to account for and timely refund unearned fees, and failure to cooperate with the ODC in its investigations. In re: Barrios, 05-1932 (La.4/17/06), 929 So.2d 63 (hereinafter referred to as "Barrios I"). Respondent has not yet sought reinstatement from the suspension imposed in Barrios I; thus, he remains suspended from the practice of law.

UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent, consisting of a total of six counts of misconduct. The two sets of formal charges were considered by separate hearing committees before being consolidated by the disciplinary board. After considering the consolidated matters, the board filed in this court a single *1202 recommendation of discipline encompassing both sets of formal charges.

05-DB-010

The Maize Matter
In March 2001, Beverly Maize hired respondent to represent her husband, Oliver, in a post-conviction matter. Beverly paid respondent a flat fee of $1,500. On March 27, 2001, respondent wrote to Oliver, stating that he had been retained by his family "to represent you in your application for post conviction relief." Respondent met with Oliver in prison on one occasion and met with Beverly and Oliver's mother, Delores Brown, on one occasion. However, he failed to do anything substantive in furtherance of the representation. He met with Beverly and Delores in October 2002 and indicated he was ready to go to court. Since that time, they have been unable to communicate with him. According to Beverly, respondent failed to return numerous phone calls and cancelled several appointments.
In September 2004, after failing to file the application for post conviction relief, respondent claimed that the $1,500 fee was only for the purpose of reviewing the file to determine if there was a possible constitutional challenge. He offered to refund $750 to the Maizes to resolve the matter, but they refused his offer.

Formal Charges
In January 2005, the ODC filed formal charges against respondent, alleging that his conduct in the Maize matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.5(f)(5) (failure to refund an unearned fee) of the Rules of Professional Conduct. Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee made the following factual findings:
1. Beverly retained respondent on March 22, 2001 to represent her husband Oliver in a post-conviction proceeding;
2. Beverly paid respondent a flat fee of $1,500 to secure said representation;
3. Respondent acknowledged the representation on March 27, 2001 in a letter to Oliver stating, "I have been retained by your family to represent you in your application for post-conviction relief;"
4. Although respondent visited with Oliver in prison on one occasion and met with Beverly and Oliver's mother Delores on one occasion, he has failed to do anything substantive in furtherance of the representation;
5. Respondent also failed to return numerous telephone calls and cancelled several appointments with Beverly over the three-year period between the representation and the filing of formal charges; and
6. Beverly and Oliver have been unable to speak with respondent since October 2002.
Based on these findings, the committee determined that respondent violated Rules 1.3, 1.4, and 1.5(f)(5) of the Rules of Professional Conduct. The committee also found that respondent acted knowingly and intentionally. He engaged in a pattern of neglect and evasion of the client. *1203 Respondent then attempted to account for the fee on an hourly basis when Beverly had agreed to a flat fee of $1,500 to complete the representation. Respondent offered to refund half of the fee prior to the filing of formal charges, but the offer was conditioned upon Beverly's agreement that the matter was resolved. None of the fee has been refunded. Respondent's conduct caused financial harm to Beverly and has delayed Oliver's post-conviction relief, perhaps even causing him to lose his right to post-conviction relief. According to the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is suspension.
The committee found no mitigating factors present but found the following aggravating factors: prior disciplinary offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1977), and indifference to making restitution.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year.
Neither respondent nor the ODC filed an objection to the hearing committee's recommended sanction.

06-DB-065

Count IThe Jones Matter
In August 2002, Lois Jones hired respondent to represent her in a divorce and property settlement matter. The divorce was completed. However, respondent failed to complete the property settlement, which resulted in Ms. Jones not having the use of the car she was awarded in April 2003 pending final partition of the community property. Respondent also failed to return numerous phone calls from Ms. Jones.
In December 2004, Ms. Jones filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Count IIThe Authement Matter
In June 2004, Sally Authement paid respondent a $2,500 flat fee to represent her stepson, Chip Authement, in a criminal matter through its conclusion. In February 2006, the judge had to appoint another lawyer to take over the case. Respondent did not contact Sally or Chip to explain why he was no longer representing Chip.
In February 2006, Sally filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.

Count IIIThe Welch Matter
Nicole Welch paid respondent $500 to represent her in a community property dispute. Respondent told Ms. Welch he would contact her when he received a court date. Ms. Welch did not hear back from respondent and attempted to contact him many times. Eventually, respondent's phone was disconnected. Ms. Welch went to respondent's office to find it empty. She had to hire another attorney to complete the matter.
*1204 In February 2006, Ms. Welch filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.

Count IVThe Clement/Riley Matter
Christopher Riley paid respondent $500 to represent him in a child support matter. A hearing was scheduled for April 20, 2005, but respondent failed to appear for the hearing. Mr. Riley tried to contact respondent many times without success. He was also arrested for contempt of court as a result of respondent's failure to appear at the hearing.
Mr. Riley hired attorney Leslie Clement, Jr. to assist him with the contempt of court charge. In April 2006, Mr. Clement filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.

Count VThe Billizon Matter
In March 2005, Lynne Billizon paid respondent $1,000 to represent her in a property dispute. Thereafter, Ms. Billizon had no further contact with respondent, and he did no work on the matter.
In May 2006, Ms. Billizon filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.

Formal Charges
In November 2006, the ODC filed formal charges against respondent. Respondent was personally served with the formal charges but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Relying on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment. The committee found the following aggravating factors present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, and multiple offenses.
Based on the above findings, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee's recommended sanction.

Disciplinary Board Recommendation

05-DB-010 & 06-DB-065
After review, the disciplinary board determined that the deemed admitted facts *1205 are not manifestly erroneous. The board also determined that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges.
Based on these findings, the board determined that respondent knowingly, and perhaps intentionally, violated duties owed to his clients. He caused harm to his clients, and five of his clients have not received a refund of the money they paid to respondent. He also has failed to respond to complaints and failed to appear pursuant to subpoenas.
In aggravation, the board found prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The board found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board first observed that respondent's misconduct in the first set of formal charges occurred during the same time frame as the misconduct in Barrios I. Specifically, the board determined that the conduct in 05-DB-010 occurred in 2001 and 2002, at the same time as the conduct at issue in Barrios I, which occurred between 1998 and 2002. Therefore, relying on the analysis of Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La. 1991),[1] the board determined that the misconduct in 05-DB-010 is appropriately addressed by the two-year suspension imposed in Barrios I.
In the second set of formal charges, 06-DB-065, the board determined that the misconduct occurred between 2003 and 2006, after the misconduct in Barrios I; thus, it would fall outside of the Chatelain analysis. The board also determined that the baseline sanction for the misconduct in 06-DB-065 is disbarment. Accordingly, the board recommended that respondent be disbarred for his misconduct in the second set of formal charges. The board also recommended that respondent refund $750 to the Maizes and make full restitution to the remainder of his clients.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the *1206 deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent neglected numerous legal matters, failed to communicate with numerous clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. Clearly, he violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly, if not intentionally, violated duties owed to his clients. His misconduct caused harm to his clients as well as to the disciplinary system. Even more disturbing is the fact that respondent was suspended from the practice of law for two years in Barrios I for similar behavior. The aggravating factors found by the disciplinary board are supported by the record. There are no mitigating factors present.
Turning to the issue of an appropriate sanction, we agree with the board that the misconduct in 05-DB-010 should be considered along with the misconduct in Barrios I and is appropriately addressed by the two-year suspension we imposed in that case. See Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La.1991). However, the same cannot be said for the misconduct in the second set of formal charges, all of which occurred after the misconduct in Barrios I. Thus, additional discipline is necessary.
Standard 8.1(b) of the ABA's Standards for Imposing Lawyer Sanctions states that disbarment is appropriate when a lawyer "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession." Considering the absence of mitigating circumstances, no deviation from the baseline sanction of disbarment is warranted in this matter.
Accordingly, in 05-DB-010, we will adjudge respondent guilty of additional violations warranting discipline. We will disbar respondent for his misconduct in 06-DB-065. Finally, we will require respondent to pay restitution to his former clients of the entire amount of fees received by him.

DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that the name of Robert L. Barrios, Louisiana Bar Roll number 2823, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that for his misconduct in the matter numbered 05-DB-010, respondent be and he hereby is adjudged guilty of additional violations warranting discipline, pursuant to Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La. *1207 1991). It is further ordered that respondent shall pay restitution to his former clients of the entire amount of fees received by him. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] In Chatelain, we held that "[w]hen a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously."