PER CURIAM.*
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert L. Barrios, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. After being admitted to the practice of law in Louisiana in 1977, respondent’s first disciplinary infraction occurred in October 1984, when he was privately reprimanded by the Committee on Professional Responsibility for neglecting a legal matter. In November 1984, respondent was privately reprimanded for neglecting a legal matter and failing to communicate with a client. In June 1989, respondent was privately reprimanded for failing to cooperate in a disci *651 plinary investigation. In March 1993, he was admonished by the disciplinary board for neglecting a legal matter, failing to communicate with a client, failing to promptly refund an unearned fee, and failing to cooperate with the ODC in an investigation. Later that year, respondent was twice admonished by the board for failing to cooperate with the ODC in its investigations.
|2In April 2006, this court suspended respondent from the practice of law for two years for engaging in a pattern of misconduct involving the neglect of legal matters, failure to communicate with clients, failure to account for and timely refund unearned fees, and failure to cooperate with the ODC in its investigation. In re: Barrios, 05-1932 (La.4/17/06), 929 So.2d 63 (hereinafter referred to as “Barrios /”). In November 2008, this court disbarred respondent for nearly identical misconduct. In re: Barrios, 08-1679 (La.11/10/08), 993 So.2d 1200 (hereinafter referred to as “Barrios II ”). Respondent remains disbarred from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES

08-DB-101

The Benoit Matter

In 2001, Alice Benoit hired respondent to handle her son’s divorce and child visitation and support matter. In April 2002, she paid respondent $625 to handle the property settlement portion, with $125 being deposited with the clerk of court for court costs. Respondent failed to proceed with the property settlement and failed to notify Ms. Benoit of his 2006 suspension from the practice of law. In October 2006, Ms. Benoit attempted to contact respondent to inquire about obtaining a refund of her $500 fee payment and a copy of her son’s file. When she was unable to get in touch with respondent, Ms. Benoit learned he was no longer practicing law.
In October 2006, Ms. Benoit filed a disciplinary complaint against respondent. Respondent failed to respond to the complaint, necessitating the issuance of a | ¡¡subpoena for his sworn statement. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.

09-DB-079

Count I — The Parr Matter
In December 2004, Sherri Lee Parr hired respondent to handle the succession of her father. Ms. Parr paid respondent $1,725 to handle the matter, following which respondent told her that “these things take awhile.” Thereafter, Ms. Parr and her sister attempted to contact respondent by telephone to no avail, and respondent never returned their calls. Ms. Parr went to respondent’s office numerous times and was told by the secretary that he was either in court or unavailable. In December 2008, after reading in the local newspaper that respondent had been disbarred, Ms. Parr filed a disciplinary complaint against respondent. Respondent failed to cooperate with the ODC in its investigation of the complaint.
Count II — The LeCompte Matter
In June 2005, Donna Ledet LeCompte hired respondent to represent her in a divorce proceeding. Respondent quoted Ms. LeCompte a fee of $1,500. Ms. Le-Compte paid respondent $750 towards the fee and court costs of $225. Thereafter, Ms. LeCompte met with respondent a couple of times. In July 2005, respondent filed the petition for divorce. A few *652 months later, Ms. LeCompte received a letter from attorney William Yates, indicating he had possession of her legal file because respondent no longer practiced law and had closed his office. Thereafter, Ms. LeCompte retrieved her file from Mr. Yates and hired another attorney to complete the divorce and community property settlement. In January 2009, Ms. Le-Compte | ¿filed a disciplinary complaint against respondent, alleging he did not earn the entire $750 fee. Respondent failed to cooperate with the ODC in its investigation of Ms. LeCompte’s complaint.
DISCIPLINARY PROCEEDINGS
In December 2008 and December 2009, the ODC filed formal charges against respondent as set forth above, alleging he violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation). Respondent failed to answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). The matters were then consolidated by order of the hearing committee chair. No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges were proven by clear and convincing evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee also found that by his conduct, respondent violated Rule |fi8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority) of the Rules of Professional Conduct, which was not charged in the formal charges.
The committee determined respondent violated duties owed to his clients, and that his actions were not merely negligent, but were deliberate, calculated attempts to hide the fact of his suspension and disbarment. Respondent accepted fees for work he never intended to perform. His failure to cooperate fully with the ODC “demonstrates his disregard for his duties as an attorney at law.” Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction in this matter is suspension.
In aggravation, the committee found pri- or disciplinary offenses. Additionally, the committee noted respondent’s complete indifference to the needs of his clients, his overt concealment of his status as a suspended/disbarred attorney, and his acceptance of fees when he had no intention to perform any work. The committee also noted “these complainants have been seriously injured due to their cases being delayed and emotionally for the anguish of not being able to find out the status of the work they paid respondent to perform.” The committee determined there are no mitigating factors present.
Under these circumstances, the committee determined that the appropriate sanction would be disbarment. In light of the fact that respondent is presently disbarred, the committee recommended the *653 instant misconduct be considered in the event he ever applies for readmission to the bar. The committee also recommended that respondent be assessed with all costs of these proceedings and be ordered to make restitution to his clients.
| ¡¡Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplina7¶ Board Recommendation

After reviewing this matter, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. The board further determined that the committee properly found respondent violated the Rules of Professional Conduct as alleged in the formal charges. Additionally, the board agreed with the committee that respondent violated Rule 8.1(b) when he failed to appear pursuant to an investigatory subpoena in the Benoit matter.
Respondent knowingly, if not intentionally, violated duties owed to his clients and the profession. In each of the client matters, respondent collected fees to complete legal work, but failed to do so. Despite his professional obligations, he failed to refund any of the unearned fees to those clients, causing significant harm. Respondent failed to cooperate with the ODC in its investigation of these matters although he was personally served with copies of the complaints. The board determined that disbarment is the baseline sanction based on the ABA’s Standards for Imposing Lawyer Sanctions.
As aggravating factors, the board found prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, indifference to making restitution, and substantial experience in the practice of law (admitted 1977). The board determined that the record does not support any mitigating factors.
| ./Turning to the issue of an appropriate sanction, the board determined that respondent’s substantive misconduct occurred during the same time period as the misconduct subject of Barrios II. Accordingly, the board determined that the approach of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is applicable to the substantive misconduct in this case.[1] However, the board pointed out that respondent’s failures to cooperate occurred outside of the time period subject to the Chatelain analysis. Therefore, for respondent’s misconduct in failing to cooperate with the ODC in its investigations, the board recommended that the time period in which respondent can apply for readmission be extended by two years. Finally, the board recommended that respondent be assessed with all costs of these proceedings and be ordered to make restitution to his clients.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been *654 proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations 1 ^contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent neglected legal matters, failed to communicate with clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigation. Accordingly, we agree he violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly, if not intentionally, violated duties owed to his clients and the profession. In each of the client matters at issue, respondent collected fees but failed to complete the legal work he was retained to handle. Respondent thereafter failed to refund any of the unearned fees to his clients, causing significant harm. Respondent also failed to cooperate with the ODC in its investigation of the 19complaints filed against him by his clients. The baseline sanction for respondent’s misconduct is disbarment. We agree with the board’s assessment of the aggravating factors, and agree that no mitigating factors are supported by the record.
Turning to the issue of an appropriate sanction, we note that the substantive misconduct in Barrios II occurred between August 2002 and May 2006, the same time period in which the substantive misconduct in the present matter occurred. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we determined that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous sanction, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Under the circumstances, we agree with the board that the substantive misconduct in the instant matter should be considered along with the misconduct in Barrios II if and when respondent applies for readmission from his disbarment.
However, the failure to cooperate charges require a different analysis, as they occurred outside of the Barrios II time frame. Specifically, in the Benoit matter, respondent’s failure to cooperate occurred between October 2006 and March *655 2007, after the substantive misconduct in Barrios II but before this court rendered its opinion in that matter imposing disbarment. The failures to cooperate in both the Parr and LeCompte matters occurred after the court’s opinion in Barrios II.
Under these circumstances, we find that additional discipline is warranted for three instances of respondent’s failure to cooperate with the ODC. See In re: Boudreau, 03-1890 (La.12/3/03), 860 So.2d 1119 (applying Chatelain analysis to substantive misconduct which occurred in the same general time frame as the lawyer’s previous misconduct, but imposing additional sanctions for the lawyer’s failure to cooperate which occurred after the prior misconduct).
| t¡¡Standard 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions states that suspension is generally appropriate when a lawyer “knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.” Because respondent is currently disbarred, he technically cannot be suspended, but our jurisprudence permits additional sanctions in the form of an extension of the five-year minimum period which must elapse before a disbarred lawyer may seek readmission.[2] In light of respondent’s extensive and egregious disciplinary history, we conclude the board’s recommendation of a two-year extension of this time period is appropriate. Accordingly, for that misconduct which occurred outside of the Barrios II time frame, we will extend the minimum period for readmission set forth in Supreme Court Rule XIX, § 24 by an additional two years, to commence from the finality of this judgment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that respondent, Robert L. Barrios, be and he hereby is adjudged guilty of additional violations ^warranting discipline, which shall be considered in the event he seeks readmission after becoming eligible to do so. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Barrios, 08-1679 (La.11/10/08), 993 So.2d 1200, the minimum period for seeking readmission from that disbarment shall be extended for a period of two years commencing from the finality of this judgment. Respondent shall render an- accounting to his clients subject of the formal charges and make restitution of any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to *656 commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. In Chatelain, this court observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.

. In In re: White, 00-2732 (La.4/25/01), 791 So.2d 602, this court stated:
Clearly, disbarment is the most severe sanction a court may impose in a disciplinary proceeding. In order to ensure that disbarment is in reality a more severe sanction than suspension, in no event should a lawyer be considered for readmission until at least five years after the effective date of disbarment. Commentary, American Bar Association Standards for Imposing Lawyer Sanctions, § 2.2 (1991). Therefore, we believe it is more consistent with the purposes of Supreme Court Rule XIX, § 24 to hold that the five-year minimum period for readmission for a subsequent disbarment should run consecutively to the five-year period stemming from the original disbarment, in the absence of unusual or extenuating circumstances. Of course, we emphasize that completing the minimum period for readmission merely gives an attorney the right to apply for readmission and in no way suggests that the attorney will be readmitted. Such a determination remains in the sound discretion of this court.