*743 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert L. Barrios, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. After being admitted to the practice of law in Louisiana in 1977, respondent’s first disciplinary infraction occurred in October 1984, when he was privately reprimanded by the Committee on Professional Responsibility for neglecting a legal matter. In November 1984, he was privately reprimanded for neglecting a legal matter and failing to communicate with a client. In June 1989, respondent was privately reprimanded for failing to cooperate in a disciplinary investigation. In March 1993, he was admonished by the disciplinary board for neglecting a legal matter, failing to communicate with a chent, failing to promptly refund an unearned fee, and failing to cooperate with the ODC in an investigation. Later that year, he was twice admonished by the board for failing to cooperate with the ODC in its investigations.
*744 In April 2006, this court suspended respondent from the practice of law for two years for engaging in a pattern of misconduct involving the neglect of legal matters, failure to communicate with clients, failure to account for and timely | ¿refund unearned fees, and failure to cooperate with the ODC in its investigation. In re: Barnos, 05-1982 (La.4/17/06), 929 So.2d 63 (“Barrios I ”). In November 2008, we disbarred respondent for nearly identical misconduct. In re: Barrios, 08-1679 (La.11/10/08), 993 So.2d 1200 (“Barrios II”). In February 2011, we adjudged respondent guilty of identical misconduct and extended by two years the minimum time period in which he can apply for readmission. In re: Barrios, 10-2582 (La.2/4/11), 54 So.3d 649 (“Barrios III”). Respondent remains disbarred from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
In October 2010, the ODC received a complaint from Rosaline Martin alleging that in 2000 or 2002, she hired respondent to represent her in a civil action against her son for injuries she sustained following an argument with him. Pursuant to the representation, Ms. Martin paid respondent $2,500, which she borrowed from a friend. A few days after hiring respondent, Ms. Martin decided to drop the suit. She informed respondent of her decision and requested a refund. In response, respondent advised that he would contact her once he calculated how much she owed him. When respondent failed to contact Ms. Martin, she attempted to contact him for the next two years, to no avail. Respondent failed to cooperate with the ODC in its investigation of the complaint filed against him by Ms. Martin.
DISCIPLINARY PROCEEDINGS
In November 2011, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and 1 spromptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee did not discuss the factors listed in Supreme Court Rule XIX, § 10(C), to be considered in imposing a sanction. Instead, the committee simply recommended that respondent’s misconduct be taken into consideration in the event he applies for readmission to the bar.[1] The committee also recommended *745 that respondent be required to make full restitution to his client and be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

14Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly, and perhaps intentionally, violated duties owed to his client and the profession. Despite the fact that Ms. Martin requested a refund within days of retaining respondent, he failed to respond to her request. Ms. Martin has yet to receive a refund, which amounts to significant harm.
As aggravating factors, the board found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, indifference to making restitution, and substantial experience in the practice of law (admitted 1977). The board determined that the record does not support any mitigating factors.
Turning to the issue of an appropriate sanction, the board determined that respondent’s substantive misconduct occurred during the same time period as the misconduct subject of Barrios II and Barrios III. Accordingly, the board determined that the approach of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is applicable to the substantive misconduct in this case.[2] However, the board pointed out that respondent’s failure to cooperate occurred outside of the time period subject to the Chatelain analysis. Therefore, for respondent’s misconduct in failing to cooperate with the ODC in . its investigation, the board | ¿recommended that the time period in which respondent can apply for readmission be extended by one year, to run consecutive to the extension ordered by this court in Barrios III. Finally, the board recommended that respondent be assessed with all costs of these proceedings and be ordered to make restitution to his client.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual *746 allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, and failed to properly terminate the representation of a client by refunding an unearned fee. Respondent also failed to cooperate with the ODC in its investigation of the complaint filed | (¡against him. Accordingly, we agree that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client and the legal profession, causing actual harm. The aggravating factors found by the disciplinary board are supported by the record. In addition, we find the aggravating factor of vulnerability of the victim is present (considering that Ms. Martin had to borrow money to pay respondent’s fee). There are no mitigating factors present.
Turning to the issue of an appropriate sanction, we note that the substantive misconduct in Banios II and Barrios III occurred between August 2002 and May 2006, the same time period in which the substantive misconduct in the present matter occurred. In Chatelain, we determined that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous sanction, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Under the circumstances, we agree with the board that the substantive misconduct in the instant matter should be considered along with the misconduct in Barrios II and Barrios III if and when respondent applies for readmission from his disbarment. Therefore, no additional discipline is necessary for this misconduct.
17However, respondent’s failure to cooperate with the ODC occurred in 2011, after the substantive misconduct in Barrios II and Barrios III. For this misconduct, the time period in which he can apply for readmission will be extended by one year, to run consecutive to the two-year extension ordered by this court in Barrios III. See In re: Boudreau, 03-1890 (La.12/3/03), 860 So.2d 1119 (applying Cha-telain analysis to substantive misconduct which occurred in the same general time frame as the lawyer’s previous misconduct, but imposing additional sanctions for the *747 lawyer’s failure to cooperate which occurred after the prior misconduct).
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that respondent, Robert L. Barrios, Louisiana Bar Roll number 2823, be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he seeks readmission after becoming eligible to do so. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Barrios, 08-1679 (La.11/10/08), 993 So.2d 1200 (“Barrios II”), and In re: Barrios, 10-2582 (La.2/04/11), 54 So.3d 649 (“Barrios III”), the minimum period for seeking readmission from respondent’s disbarment shall be extended for a period of one year, to run consecutive to the two-year extension ordered by this court in Barrios III. Respondent shall render an accounting to his client subject of the formal charges and make restitution of any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In its report, the hearing committee erroneously stated that respondent's misconduct *745 should be taken into consideration in the event he applies for "reinstatement.” Because respondent is disbarred, he will have to apply for readmission in order to return to the practice of law.

. In Chatelain, this court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.